IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

DAVID JOHN MEDNANSKY,               )
                                    )
            Plaintiff,              )   **TC 5465**
      v.                            )
                                    )
DEPARTMENT OF REVENUE,              )
State of Oregon,                    )
                                    )
            Defendant,              )
                                    )
      and                           )
                                    )
CURRY COUNTY ASSESSOR,              )   **ORDER ON PLAINTIFF'S MOTIONS**
                                    )   **TO VACATE AND FOR IMPOSITION**
            Defendant-Intervenor.   )   **OF SANCTIONS**

This matter comes before the court on two motions filed by Plaintiff that follow from the court's July 2, 2024, Order Granting Curry County Assessor's Motion to Intervene in this matter (order). Defendant responded to each motion, and the court heard oral argument as part of a case management conference on July 22, 2024.

On June 17, 2024, Defendant-Intervenor (the county) filed a Motion to Intervene in this property tax case as well as its Answer (answer). To each document, the county attached a certificate of service showing service on Plaintiff and listing the house number of Plaintiff's address as 27485 Eighty Acres Road, although the correct house number is 27486. The county concedes its error. On July 2, 2024, after the period to object to the Motion to Intervene had passed without response, the court issued its order allowing intervention. A few minutes later, Plaintiff informed court staff by email that he had read the order but had never received copies of

the Motion to Intervene or of the answer. Court staff transmitted copies to Plaintiff by email a few minutes after that.

On July 3, 2024, Plaintiff filed a Motion for Sanctions against counsel for the county (motion for sanctions). On July 5, 2024, Plaintiff filed a Motion to Vacate Order Granting Curry County's Motion to Intervene (motion to vacate). In both motions, Plaintiff asserted that the county's error deprived him of the ability to respond before the court allowed intervention. (Ptf's Mot to Vacate at 2 (Plaintiff "could not file a response to oppose."); (Ptf's Motion for Sanctions at 2 ("Plaintiff has been deprived of the ability to reply to both motion to intervene and the answer.").)

In response to the motion to vacate, Defendant argues, among other things, that there is no evidence that the county's error "affect[s] the substantial rights" of Plaintiff, and that the court is thus required to deny the motion. Tax Court Rule (TCR) 12 B ("The court *will*, in every stage of an action, disregard any error, defect, or omission in the pleadings or proceedings which does not affect the substantial rights of the adverse party.") (emphasis added). (Def's Response to Motion to Vacate at 2.)

The court agrees with Defendant. Plaintiff asks the court to undo its order allowing intervention, but his motion offers no substantive reason why the county should not be allowed to intervene. It is true that the county's error in service prevented Plaintiff from presenting substantive arguments *before* the court allowed intervention. However, Plaintiff promptly asserted a right to be heard by moving to vacate the court's order. When Defendant argued that the order did not affect Plaintiff's substantial rights, Plaintiff replied by simply reiterating his due

process argument. (Ptf's Reply at 2.) Likewise, at oral argument Plaintiff added no substantive objections to intervention.

The court finds no evidence that the county's error affected Plaintiff's substantial rights; accordingly, the court will deny Plaintiff's motion to vacate pursuant to TCR 12 B.

The same findings and reasoning apply to Plaintiff's motion for sanctions, except that this motion points out that the county's error deprived him not only of the ability to timely oppose intervention, but also of the ability to timely file any reply to the county's answer. (Ptf's Motion for Sanctions at 2.) *See* TCR 13 B. The possibility of a reply is not squarely covered by Plaintiff's motion to vacate. Therefore, the court will allow Plaintiff 10 days from entry of this order to file any reply. Now, therefore,

IT IS ORDERED that Plaintiff's Motion to Vacate is denied;

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions is denied; and

IT IS FURTHER ORDERED that Plaintiff is allowed ten days to file any reply to Defendant-Intervenor's Answer.

Dated this 23rd day of July, 2024.

7/23/2024 12:09:32 PM

Judge Robert T. Manicke